UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**AHMED ABOU-LAILA, et al.,**

      **Plaintiffs,**

                                    **Case No. 20-12904**

**v.**

                                  **HON. DENISE PAGE HOOD**

**STEPHEN J. SMALLPIECE, et al.,**

      **Defendants.**

_____/

## OPINION AND ORDER

### I.    BACKGROUND

This matter is before the Court on a Motion for Summary Judgment or an Alternative Motion for Partial Summary Judgment filed by Defendants Stephen J. Smallpiece (Smallpiece) and Titanium Trucking Services, Inc. (TTS) and a Motion to Compel Inspection filed by Plaintiffs. Responses and replies have been filed to the motions. Responses and replies have been filed and a hearing held on the matter.

Defendants filed a Notice of Removal on October 29, 2020 of the Complaint filed by Plaintiffs Ahmed Abou-Laila, Mervat Abou-Laila, Hussain Abou-Laila, Ayah Abou-Laila and Mohammad Abou-Laila against Defendants before the Wayne County Circuit Court alleging four counts: Third Party Claim-General Negligence against Defendant Smallpiece (Count I); Third Party Claim-Negligence against Defendant

TTS (Count II); Third Party Claim-Negligent Entrustment against Defendant TTS (Count III); and, Third Party Claim-Owner's Liability against Defendant TTS (Count IV).

This action arises out of a motor vehicle collision that occurred on September 1, 2017 on northbound Interstate 75, near Schaefer Road, in the City of Detroit. Smallpiece was operating a 2017 Volvo semi-truck while employed by TTS. Plaintiffs were in their vehicle, a GMC Yukon, operated by Plaintiff Ahmed Abou-Laila.  Smallpiece was traveling in the center lane and Plaintiffs were on the right lane.  Plaintiffs allege Smallpiece struck their vehicle, while Defendants assert that Ahmed Abou-Laila drifted into the center lane and hit Smallpiece's vehicle.

The Michigan State Police Report assigned a hazardous action of improper lane use to Ahmed Abou-Laila, with no hazardous action assigned to Smallpiece.  (ECF No. 31, Ex. B, PageID.236-.37) The Report indicated a Side Swipe crash.  *Id.*  The Report further noted that Ahmed Abou-Laila was distracted by unspecified external distractions, and that Smallpiece was not distracted. *Id*. Defendants submitted a video of the accident taken from Smallpiece's dashboard camera which Defendants assert shows that it was Plaintiffs' vehicle that crossed over into the lane Smallpiece was traveling in.  (ECF No. 31, Ex. C)

Defendants' reconstruction expert, Sebastian van Nooten, opines that based on

2

the video and the damages to the vehicle, Smallpiece maintained the same position leading up to the accident, did not move to the right into Plaintiffs' vehicle, but that Plaintiffs' vehicle moved to the left side towards Smallpiece's vehicle. The dashboard camera indicates to van Nooten that Smallpiece did not move his tractor trailer to the right. Van Nooten indicates that the lateral lane position of the Plaintiffs' vehicle changed quickly from the right side of its lane to the left side of its lane. He further indicates that there was no damage to the rear bumper/quarter fender area of Plaintiffs' vehicle, indicating that the contact took place when the vehicles were beside one another. (ECF No. 31, Ex. I, PageID.522.-23) Van Nooten states that the damage to Plaintiffs' vehicle on the left side begins on the driver's side view mirror/front wheel to the rear light/rear wheel. Smallpiece's vehicle on the right side showing scrapes starting behind the passenger's side front wheel, along the chassis skirt on a chrome trim panel, with four lights along the trim panel broken and a step on the fuel tank is damaged. (ECF No. 31, Ex. I, PageID.517-18.)

Ahmed Abou-Laila states that he was in the right lane when the accident happened and was not attempting to shift lanes to the left. (ECF No. 31, PageID.279-90) He claims that the truck was attempting to shift into his lane from the center lane to the right lane. (ECF No. 31, PageID.280) Ahmed Abou-Laila asserts that the truck pushed his vehicle and hit him. (ECF No. 31, PageID.268) Mervat Abou-Laila states

3

that the truck came from the left side, that Plaintiffs' vehicle was not switching lanes at the time of the accident and that the vehicle was being pushed by the truck.  (ECF No. 31, PageID.338-39, .343-44, .346)

Hussain About-Laila asserts that Plaintiffs' vehicle was in the right lane, that the vehicle was not changing lanes, and that the vehicle did not veer into the truck's lane.  (ECF No. 31, PageID.379, .387-89) Ayah Abou-Laila states that their vehicle was on the right side of the expressway.  She recalls that she was in the third row of their vehicle, that she looked to the left and saw the truck speeding very fast, that she guessed he wanted to go into their lane, and then the truck hit the left side of their vehicle very, very hard.  She claims that her father kind of lost control of the vehicle, and that she thinks her mother changed the gear to park so that the vehicle would stop moving and not go off the ledge where there was water.  (ECF No. 31, PageID.498) As a result of the accident, Plaintiffs assert that the family suffered threshold injury as required by MCL 500.3135.

Defendants move for summary judgment asserting that Plaintiffs cannot provide that Smallpiece is responsible for the accident and that they are entitled to summary judgment.  At a minimum, Defendants argue they are entitled to partial summary judgment on Plaintiff Ayah Abou-Laila's claims because she has not provided evidence that she suffered a serious impairment of a body function.

4

Plaintiffs respond that the video evidence shows that it was the truck moving too quickly and veering into Plaintiffs' lane on the highway and that there are genuine issue of material fact that Defendants are greater than 50% at fault. Plaintiffs claim that Ayah Abou-Laila suffered a threshold injury confirmed by the Independent Medical Examiner report from the insurer. Plaintiffs also claim that there is outstanding discovery in this matter in that their expert, Marc Edgcomb, has been unable to complete his expert report since he has been unable to inspect the truck and trailer at issue.

## II.   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### A.   Standard of Review

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its

burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

### B.    Negligence

Defendants argue that Plaintiffs cannot prove their claim that Smallpiece was negligent in causing the accident. Plaintiffs respond that there are genuine issues of material fact that Smallpiece caused the accident.

Michigan's No-Fault Act provides that a person may be "subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement." MCLA § 500.3135(1). The statute

further provides that "[d]amages shall be assessed on the basis of comparative fault, except that damages shall not be assessed in favor of a party who is more than 50% at fault." *Id*. § 500.3135(2)(b). To prevail on a claim of negligence under Michigan law a plaintiff must show that: 1) the defendant owed a legal duty to the plaintiff, 2) the defendant breached or violated the legal duty, 3) the plaintiff suffered damages, and 4) the breach was a proximate cause of the damages suffered. *Schultz v. Consumers Power Co.*, 443 Mich. 445, 449 (1993); *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009).

Defendants argue that the dashcam video shows that it was Plaintiffs' vehicle that moved over to the center lane where Smallpiece was traveling. Defendants also claim that the expert indicates that Smallpiece did not travel outside its lane, but that it was Plaintiffs' vehicle that moved into the center lane that caused the collision. Plaintiffs assert that the video shows Smallpiece was driving too fast and it was him that moved to the right lane.

The Court's review of the video shows that on September 1, 2017, around the 13:06:18 time, Smallpiece was traveling at 63.1 mph in the center lane and the vehicle on the right line, which appeared to have been entering into the freeway from the entrance lane to the right lane. At 13:06:28, as Smallpiece was approaching Plaintiffs' vehicle at 63.4 mph, Plaintiffs' vehicle began drifting very close to the center lane line

7

divider, then disappeared from the view of the video.  Smallpiece began moving over to the right line at around 13:06:44 time, and stopped at the shoulder lane at 13:06:56. Smallpiece thereafter looked at the right side of the tractor trailer.

The video does not show Smallpiece's truck hitting the vehicle with the front of the truck.  Defendants' expert opines that Smallpiece did not leave his lane.  That may well be the case, but Plaintiffs' deposition testimonies were that Plaintiffs' vehicle was not changing lanes and that it was Smallpiece's truck that hit their vehicle on the right side.  The video does not show the impact.  The video also does not appear to show that Smallpiece was changing lanes to the right nor was veering toward the right lane.  However, the video camera perspective does not show the lanes on either side of the truck from the side perspective; only the front perspective.  The video camera perspective also appears to show that the truck was over both lanes on the right and left.  It appears that the impact of the two vehicle will hinge on the testimony of the experts.

At this juncture, based on Plaintiffs' deposition testimonies that their vehicle was not changing lanes at the time of the impact, although the video shows that Plaintiffs' vehicle was veering towards the center lane, and was close to the line to the left of Plaintiffs' vehicle, there remains a question of fact as to which vehicle hit which vehicle first and who was more than 50% at fault.  The Court denies the motion

for summary judgment on this issue.

### C.    Ayah Abou-Laila Serious Impairment

Defendants argue that summary judgment should be entered as to Ayah Abou-Laila's claims because she did not suffer a serious impairment of a body function as required by Michigan's No-Fault law.  Ayah Abou-Laila responds that she was unable to do certain chores for several weeks after the accident, which she claims is a sufficient amount of time to experience symptoms so severe to meet the Act's serious impairment requirement.

Tort liability for non-economic loss under Michigan's No-Fault Act is limited to cases in which an injury party "has suffered death, serious impairment of body function, or permanent serious disfigurement" that was "caused by [the] ownership, maintenance, or use of a motor vehicle." MCL § 500.3135(1).  A "serious impairment of body function" means "an objectively manifested impairment of an important body function that affects the person's general ability to lead his or her normal life." MCL § 500.3135(5); *McCormick v. Carrier*, 487 Mich. 180, 795 N.W.2d 517, 524 (2010). The Michigan Supreme Court has explained that, as a threshold matter:

> [t]he court should determine whether there is a factual dispute regarding the nature and extent of the person's injuries, and, if so, whether the dispute is material to determining whether the serious impairment of body function threshold is met. If there is no factual dispute, or no material factual dispute, then whether the threshold is met is a question of law for the court.

9

*Id.* at 537 (citation omitted). To demonstrate a "serious impairment of body function", a plaintiff must show: "(1) an objectively manifested impairment (2) of an important body function that (3) affects the person's general ability to lead his or her normal life." *Id.* The No-Fault Act "does not create an express temporal requirement as to how long an impairment must last in order to have an effect on 'the person's general ability to live his or her normal life.'" *McCormick,* 487 Mich. at 203. Defendants argue that even if Ayah Abou-Laila can meet the first two prongs of *McCormick*, which Defendants do not concede, she is unable to meet the third prong–that any impairment affects her general ability to lead her normal life.

Ayah Abou-Laila testified at her deposition that she was able to continue attending school without being absent, did not stop doing sports or hobbies, and was able to do household chores after the accident. She further testified that she was able to go to the bathroom, take showers and dress after the accident, without assistance. Although Ayah Abou-Laila responds that she was unable to do chores for a few weeks, her testimony was that she did household chores less frequently for a few weeks. (ECF No. 31, PageID.510-11) Ayah Abou-Laila testified that "[i]t wasn't that severe really. I mean I could do most of the things that I was doing before." (ECF No. 31, PageID.511)

Based on Ayah Abou-Laila's deposition testimony, the Court finds that she is

10

unable to meet the third-prong of *McCormick*–an impairment which affects the person's general ability to lead his or her normal life. She testified that she could do most of the things she did before, that she did not miss any school and that she did not require assistance in bathing and dressing herself. Summary judgment is granted as to Ayah Abou-Laila's claims against Defendants.

## III. PLAINTIFFS' MOTION TO COMPEL

Plaintiffs assert that they have attempted in good faith to confer with Defendants to schedule a date and time for their expert to inspect the semi-truck at issue, but that Defendants will not make the truck and trailer available for inspection. Plaintiffs submitted email correspondence seeking scheduling an inspection of the truck and trailer on April 1, 2021. Defense responded that it might be a problem since Defendant trucking company is a Canadian trucking company and given the pandemic restrictions of travel between the United States and Canada.

Defendants responded that since the restrictions changed over time, the parties began discussing scheduling the inspection in September 2021, but the semi was unavailable on the dates Plaintiffs' expert was available, Defense counsel indicated on November 17, 2021 any night of the week after 8:00 p.m. or on the weekend in Bolton, Ontario, where the semi was kept. The last communication defense counsel had with Plaintiffs was in December 2021 when Plaintiffs' counsel indicated the

expert was going to be contacted.  Discovery closed on May 11, 2022, but Plaintiffs did not file the Motion to Compel until a month after discovery was closed.  The expert disclosures deadline was March 9, 2022, and none were filed by Plaintiffs.

Rule 34(a) of the Rules of Civil Procedure allows an opponent in litigation to serve a request to "inspect, copy, test, or sample ... any designated tangible things...." Fed. R. Civ. P. 34(a).  Under Rule 37(a)(3)(B)(iv), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if .... a party fails to respond that inspection will be permitted-or fails to permit inspection as requested under Rule 34." Fed.R.Civ.P. 37(a)(3)(B)(iv). The request "must describe with reasonable particularity each item or category of items to be inspected ... must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and ... may specify the form or forms in which electronically stored information is to be produced." Fed.R.Civ.P. 34(b)(1)(A)-(C); Rule 37(a)(3)(B)(iv).

Other than email correspondences, it does not appear that Plaintiffs sought a formal Rule 34 inspection of the semi truck at issue.  Plaintiffs also does not set forth any reason why they did not submit any expert disclosures by the deadline, nor did they file a Motion to Compel prior to the discovery cut off deadline.  However, in light of the pandemic issues, the travel restrictions in and out of Canada and the

12

United States, and the parties' representations at the hearing about the availability of inspection, the Court grants Plaintiffs' Motion to Compel inspection of the semi truck as set forth on the record.

## IV. MOTION FOR LIMITED DEPOSITIONS AND MOTION TO ADJOURN DATES

Plaintiffs have now filed a Motion for Limited Depositions and a Motion to Adjourn Dates. Defendants have not filed any response to date. In light of the upcoming October 17, 2022 Final Pretrial Conference, the Court rules on the motions at this time.

As to the Motion for Limited Depositions, Plaintiffs seek depositions of Smallpiece, TTS's Safety Supervisor and TTS's Human Resources Manager. Plaintiffs assert that since Plaintiffs' expert has inspected TTS's semi truck on September 21, 2022, the limited depositions of these individuals are necessary. Plaintiffs assert there would be no prejudice to Defendants since Defendants have yet to depose Plaintiffs' expert, which the Court previously allowed to be held before the October 17, 2022 Final Pretrial Conference date.

In their Motion to Adjourn Dates, Plaintiffs seek an extension of time for their expert to submit the expert report, due to the expert's previous obligations. Plaintiffs also seek an extension of the dates in the Scheduling Order to accommodate the depositions noted above. Plaintiffs further seek an extension of the submission of the

13

proposed Joint Final Pretrial Order in light of the depositions sought.

A schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citing *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir.2001) and *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992)); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir.2000). Another relevant consideration is possible prejudice to the party opposing the modification. *Inge,* 281 F.3d at 625.

As noted above, Plaintiffs did not file any discovery motions until after the discovery deadline had passed. However, because the Court allowed Plaintiffs to inspect the semi truck at issue, which occurred on September 21, 2022, and, in light of the upcoming Pretrial Conference and Trial dates, the Court will extend the time for Plaintiffs' expert to submit a report, for Defendants to have the opportunity to depose Plaintiffs' expert, and to submit the proposed Joint Final Pretrial Report. Other than further delay, the Court finds there is no prejudice to Defendants in modifying the Scheduling Order. It is noted the parties entered into stipulated orders on three occasions to extend the dates in the Scheduling Order.

Regarding Plaintiffs' request for three limited depositions, in light of the Court

14

allowing Plaintiffs' expert to inspect the semi truck at issue, and such having occurred on September 21, 2022, the Court will allow the limited depositions.

## V.    CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendants' Motion for Summary Judgment (ECF No. 31) is DENIED as to negligence and GRANTED as to claims filed by Plaintiff Ayah Abou-Laila against Defendants.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel (ECF No. 33) is GRANTED as set forth on the record.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Limited Depositions (ECF No. 39) is GRANTED as follows:  1) Defendant Stephen J. Smallpiece to occur within twenty-one (21) days from the date of this Order for a period of up to three (3) hours; 2) Defendant Titanium's Safety Supervisor to occur within twenty-one (21) days from the date of this Order for a period of up to two (2) hours; and 3) Defendant Titanium's Human Resources Manager to occur within twenty-one (21) days from the date of this Order for a period of up to two (2) hours.  The parties are to confer in good faith to schedule the depositions within this time period.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Extension of Dates (ECF No. 40) is GRANTED.  Plaintiffs' expert Marc Edgcombe's time to complete

his accident reconstruction and truck safety report is extended to seven (7) days from the date of this Order.  Defendants may depose Mr. Edgcombe within twenty-one (21) dates after service of the report.  The parties are to confer in good faith to schedule the deposition within this time period.  An amended Scheduling Order is issued separate from this Order.

s/Denise Page Hood
Denise Page Hood
Chief United States District Judge

Dated:  October 12, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record or party on October 12, 2022, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager